IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Margaret O'Bannon,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 2:03-588-CWH |
| ) | |
| vs. ) | |
| ) | ORDER |
| **R.A. Green, Michael Edward Widenhouse,** ) | |
| **All Sports, Inc., and Waccamaw Touring, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

On August 8, 2001, R.A. Green (Green) created defendants All Sports, Incorporated (All Sports) and Waccamaw Touring, Incorporated (Waccamaw) as South Carolina statutory close corporations. Green was the sole shareholder of each corporation. Neither corporation had a board of directors, held meetings, or passed corporate resolutions. Green operated the corporations alone.

Waccamaw operated gaming machines on a casino boat located in the middle of the Waccamaw river. On September 14, 2001, Green and All Sports purchased a pontoon boat to ferry passengers from Bucksport Marina to the casino boat. The pontoon boat was later titled in the name of All Sports. Green hired Michael Edward Widenhouse (Widenhouse) to operate the pontoon boat. Waccamaw employed Widenhouse and paid him as casual labor in cash.

On September 15, 2001, Widenhouse had ferried passengers from the casino boat to the marina. After the passengers disembarked, an unknown passenger turned loose of a line securing the pontoon boat causing the boat to drift away from the dock and allide with the plaintiff's houseboat. The plaintiff commenced this action to recover her personal injuries and damages to her houseboat resulting from the allision. The plaintiff also requested the Court to

pierce the corporate veils of All Sports and Waccamaw and hold Green personally liable for the plaintiff's damages.

On August 16 and 17, 2004, the Court conducted a bench trial to determine whether the defendants were liable for the plaintiff's damages. Green admitted on the stand that All Sports, Waccamaw, and Green are "all the same company" and "all the same person." On July 21, 2005, the Court issued an order stating its findings of facts and conclusions of law. The Court held that Widenhouse and All Sports were negligent in causing the pontoon boat to allide with the plaintiff's houseboat. The Court further held that because Waccamaw employed Widenhouse to operate the boat, Waccamaw was liable to the plaintiff under the doctrine of respondeat superior for any negligence Widenhouse committed within the scope of his employment. The Court awarded the plaintiff $130,242.68 in total damages.

In addition, the Court also concluded that Green was personally liable for the plaintiff's damages. The Court reasoned that piercing the corporate veil was appropriate because Green admitted on the stand that he alone controlled All Sports and Waccamaw, and it would be fundamentally unfair to allow Green to hide behind his corporations when there is a complete disregard for corporate formalities and the corporations operated solely for the benefit of Green. See Dewitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681 (4th Cir. 1976).

On August 2, 2005, under Fed. R. Civ. P. 59(e), Green filed a motion to reconsider the holding that he was personally liable for the plaintiff's damages. On August 23, 2005, the plaintiff opposed the motion. This matter is now ready for disposition.

In interpreting Rule 59(e), the Fourth Circuit Court of Appeals has recognized that there are only "three grounds for amending an earlier judgment: (1) to accommodate an intervening

change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Green moves the Court to amend the judgment to correct an error of law.

Green contends that the Court's decision to hold him personally liable excluded consideration of South Carolina's Statutory Close Corporation Supplement which allows a close corporation to disregard corporate formalities. S.C. Code Ann. § 33-18-250 (1990). Section 33-18-250 states as follows:

> The failure of a statutory close corporation to observe the usual corporate formalities or requirements relating to the exercise of its corporate powers or management of its business and affairs is not a ground for imposing personal liability on the shareholders for liabilities of the corporation.

The Court's decision to hold Green personally liable, however, was not based solely on his failure to observe corporate formalities. Green admitted that All Sports, Waccamaw, and Green were all the same person. The Court held that Green was the alter ego of the two corporations and that it would be unjust and fundamentally unfair to allow Green to hide behind his corporations which were operated solely for the benefit of Green and with no benefit to the corporations. See Dewitt Truck Brokers, Inc., 540 F.2d at 685.[1]

In addition, section 33-18-250 does not prevent a court from imposing personal liability on the shareholders of a statutory close corporation if the circumstances justify such a result. S.C. Code Ann. § 33-18-250 cmt. (1990); see also Hunting v. Elders, 597 S.E.2d 803, 807-808

---

[1] The Court also concluded that "because All Sports is the alter ego of Green, Green was an owner of the pontoon boat along with All Sports even though the pontoon boat was titled only in the name of All Sports." As an owner, Green is liable for damages caused by the negligence of Widenhouse while operating the pontoon boat.

(S.C. Ct. App. 2004), cert. granted, (S.C. Aug. 12, 2005).  The Court did not err by piercing the corporate veils of All Sports and Waccamaw.  Green's motion to reconsider, therefore, is denied.

    **AND IT IS SO ORDERED**.

                    _____
                    **C. WESTON HOUCK**
                    **UNITED STATES DISTRICT JUDGE**

November 8, 2005
Charleston, South Carolina